**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Alison Williams, | Case No. 2:25-cv-01746-APG-NJK |
| Plaintiff(s), | **Order** |
| v. | [Docket No. 22] |
| United States of America, | |
| Defendant(s). | |

Pending before the Court is a stipulation to extend case management deadlines, Docket No. 22, which the Court **DENIES** without prejudice for the reasons discussed below.

Case management deadlines are important and must be taken seriously by litigants. *E.g.*, *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. Sept. 13, 2022) (collecting Ninth Circuit cases). Modifying unexpired case management deadlines requires a showing of good cause, *see* Fed. R. Civ. P. 16(b)(4), Local Rule 26-3, which turns on whether the subject deadlines cannot reasonably be met through the exercise of diligence throughout the allotted period, *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). When diligence is lacking, the judicial inquiry ends and the request is denied. *Id.* "That a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams*, 627 F. Supp. 3d at 1178.

Nearly four months ago, the parties filed a stipulation to extend case management deadlines by a lengthy 90 days. Docket No. 16. In resolving that request, the Court indicated that it would allow an extension based on the need to obtain foreign medical records, but the Court also specifically cautioned the parties (again) that (1) the pendency of partial motion to dismiss was not good cause for an extension; (2) the existence of settlement discussions was not good cause for an extension; and (3) that although the Court was allowing an extension, thereafter "[d]iscovery must

1

proceed with the required diligence." Docket No. 19 at 4 (emphasis in original); *see also* Docket No. 15. Hence, the Court's reasoning and directives from four months ago were perfectly clear.

Now pending before the Court is another stipulation for another 60-day extension of case management deadlines. Docket No. 22. The instant request identifies no affirmative discovery being completed since the prior extension and warning. *See id.* at 2.[1] As to the reasons for the extension sought, the stipulation references settlement discussions and the pendency of a partial motion to dismiss without acknowledging that counsel have been advised multiple times in this very case that such reasoning does not amount to good cause. *See id.* at 2-3; *but see* Docket No. 19 at 4; Docket No. 15.[2] The stipulation also references that obtaining foreign medical records has been difficult and that only some of those records have been procured. *See id.* at 3. No elaboration is provided and, as noted above, the stipulation does not specify the efforts made over the last four months to get the records. In short, the stipulation does not establish good cause to modify case management deadlines.[3]

Accordingly, the Court **DENIES** without prejudice the pending stipulation to extend.

IT IS SO ORDERED.

Dated: August 3, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The stipulation identifies some supplemental disclosures made almost three months ago, but it identifies no interrogatories, no requests for production, no requests for admission, and no depositions since the previous extension request. *See id.* The stipulation also indicates that, despite being propounded many months ago, "Defendants have not yet responded to Plaintiff's written discovery." *Id.* No explanation is advanced as to why that is so.

[2] Indeed, the stipulation continues to advance the startling contention that the "parties will need to hold off on certain discovery pending that decision." Docket No. 22 at 3. Such a proposition is contrary to multiple orders in this case and decades of legal precedent.

[3] The stipulation references that defense counsel is changing and incoming counsel will need more time to get up to speed. Docket No. 22 at 3. Once again, that contention is ill-developed and at odds with governing law. *Compare* Local Rule IA 11-6(d) ("substitution of an attorney will not alone be reason for delay of . . . discovery"); Local Rule IA 11-6(e) ("Except for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery").