TODD BLANCHE
Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
TAMER B. BOTROS
Assistant United States Attorney
Nevada Bar Number 12183
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Tamer.Botros@usdoj.gov

*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Alison Williams,<br><br>Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Defendant. | Case No. 2:25-cv-01746-APG-NJK<br><br>**Federal Defendants' UNOPPOSED Motion for Extension of Time to Respond to Plaintiff's Motion to Compel Discovery (ECF No. 24)**<br><br>**FIRST REQUEST** |

The United States of America, by and through undersigned counsel, moves this Court for a 9-day extension of time from September 2, 2026, up to and including **September 11, 2026**, in which to file a response to Plaintiff Alison Williams' Motion to Compel Discovery (ECF No. 24) ("Motion"). The parties have been exchanging settlement offers, and settlement may obviate the need to proceed with briefing Plaintiff's motion. On September 2, 2026, the parties conferred, and Plaintiff's counsel agrees to a 9-day extension to September 11, 2026, while the parties explore settlement. This is the United States of America's first request for an extension of time to respond to Plaintiff's Motion. This request is made in good faith and not for the purpose of any undue delay.

**<u>Memorandum of Points and Authorities</u>**

Under Federal Rule of Civil Procedure 6(b), a court may, "for good cause," extend a deadline if a request is made "before the original time or its extension requires." Fed. R. Civ. P. 6(b)(1)(A); *see also* Local Rule IA 6-1(a). The Ninth Circuit has equated good cause

with the exercise of due diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Additionally, Fed. R. Civ. P. 6(b)(1) should "be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits," and "requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (internal citations omitted). Courts also have inherent authority to manage their own dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

Undersigned counsel is acting diligently in preparing a draft response to Plaintiff's motion. However, in the interest of judicial economy, Plaintiff's counsel has agreed to extend the deadline for the United States of America to respond to Plaintiff's motion to September 11, 2026, to allow for the possible resolution of this matter through the acceptance of a settlement offer. For these reasons, the United States respectfully requests a 9-day extension to **September 11, 2026**, to file a response to Plaintiff's Motion.

If this unopposed motion for an extension of time is granted, the new deadline to respond to Plaintiff's Motion will be **September 11, 2026**. Given undersigned counsel's diligence, and Plaintiff's lack of opposition, good cause exists for the 9-day extension.

/ / /

The United States, therefore, respectfully requests that the Court grant this motion.

Respectfully submitted this 2nd day of September 2026.

TODD BLANCHE
U.S. Attorney General
SIGAL CHATTAH
First Assistant United States Attorney

*/s/ Tamer B. Botros*
TAMER B. BOTROS
Assistant United States Attorney
*Attorneys for the United States of America*

**IT IS SO ORDERED:**

**UNITED STATES MAGISTRATE JUDGE**

**DATED:** September 3, 2026