**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALISON WILLIAMS,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant

Case No.: 2:25-cv-01746-APG-NJK

**Order Granting in Part Defendant's Motion to Dismiss**

[**ECF No. 8**]

Plaintiff Alison Williams alleges that she and nonparty Somer Ann Aburish were in a car accident while Aburish was acting within the scope of her employment as a National Park Service employee. ECF No. 1. Williams sues the United States under the Federal Tort Claims Act (FTCA) for damages arising out of the accident, asserting claims for (1) negligence, (2) negligence per se, (3) negligent entrustment, and (4) negligent entrustment, hiring, training, and supervision. Williams requests, among other things, interest at the statutory rate and reasonable attorneys' fees and costs.

The government moves to dismiss Williams' second claim, arguing that negligence per se is not a stand-alone claim under Nevada law. ECF No. 8. The government also moves to dismiss Williams' third and fourth claims, arguing that she has not alleged specific facts showing (1) the government was negligent in entrusting, hiring, training, or supervising Aburish and (2) that these claims fall outside of the FTCA's discretionary function exception. Lastly, the government argues that Williams' prayer for pre-judgment interest and attorneys' fees should be dismissed because the FTCA does not permit such awards.

Williams responds that the FTCA's discretionary function exemption does not shield violations of mandatory duties or conduct that is not grounded in policy considerations. ECF

No. 9. Additionally, Williams argues that the government's supervision of Aburish concerns operational decisions rather than policy choices and that operational negligence in carrying out established policies falls outside of the FTCA's discretionary function exception. In support of her negligent entrustment claim, Williams argues that the government knew or should have known that Aburish was unfit to safely operate its vehicle equipped with a law enforcement radio, yet it still entrusted her with it and that she caused the collision because she was distracted by the radio. Lastly, Williams argues that she may recover attorneys' fees within the FTCA's statutory limits and post-judgment interest.

Williams did not respond to the government's motion to dismiss her negligence per se claim, so I grant this part of the motion as unopposed. I dismiss her third and fourth claims without prejudice because Williams did not allege facts that would plausibly show that (1) the government was negligent in entrusting the vehicle to Aburish or in hiring, training, or supervising her and (2) her claims fall outside the FTCA's discretionary function exception. I grant Williams leave to amend these two claims. Williams cannot recover any pre-judgment interest, but she may recover post-judgment interest, as well as costs and attorneys' fees within statutory limits, so I grant in part the government's motion.

**I. Williams did not oppose the government's motion to dismiss her negligence per se claim.**

The government moves to dismiss Williams' negligence per se claim. ECF No. 8 at 5-6. Williams did not respond to this portion of the motion, so she consents to dismissal of the claim. LR 7-2(d). Thus, I grant this part of the government's motion.

**II. Williams has failed to allege facts sufficient to overcome the government's presumption of sovereign immunity for her negligent entrustment and negligent entrustment, hiring, training, and supervision claims.**

The government argues that Williams has not alleged facts that show the government was negligent in entrusting, hiring, training, or supervising Aburish. It also argues that Williams has not alleged facts showing that these claims fall outside of the discretionary function exception to the FTCA's waiver of sovereign immunity. Williams responds that a properly hired, trained, or supervised employee would not have become distracted by the vehicle's radio, so the government's entrustment was to an unqualified, unsafe driver and that the government knew or should have known Aburish was unfit for this task. She also argues that the government's supervision of Aburish was not a policy decision but rather operational negligence in carrying out established policies, which falls outside of the discretionary function exception.

The United States is immune from suit unless it waives its sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "The United States has waived its sovereign immunity for certain tort claims under the FTCA, and parties can sue the government only where sovereign immunity is waived." *Schurg v. United States*, 63 F.4th 826, 831 (9th Cir. 2023). Relevant here is the FTCA's discretionary function exception to the government's waiver of sovereign immunity. "[The discretionary function] exception disallows tort liability against the United States in the case of claims 'based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" *Chang v. United States*, 139 F.4th 1087, 1092-93 (9th Cir. 2025) (quoting 28 U.S.C. § 2680(a)).

To determine if the exception applies, I must examine whether (1) the challenged actions "'involv[e] an element of judgment or choice,'" and (2) "'that judgment is of the kind that the discretionary function exception was designed to shield.'" *U.S. v. Gaubert*, 499 U.S. 315, 322-23 (1991) (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). Regarding this second step, the discretionary function exception "'protects only governmental actions and decisions based on considerations of public policy.'" *Id.* at 323 (quoting *Berkovitz*, 486 U.S. at 537). Although the government is the moving party, Williams is the party asserting federal jurisdiction so she bears the burden of proving that the case is properly in federal court. *In re Ford Motor Co./Citibank (S. Dakota) N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). A complaint filed under the FTCA must allege facts showing that the challenged actions are not the kind that are grounded in the policy of the regulatory regime. *Gaubert*, 499 U.S. at 324-25.

Williams alleges Aburish was acting within the scope of her employment with the government and rear-ended her while distracted by the law enforcement radio inside her vehicle. ECF No. 1 at 3-4. According to the complaint, the government negligently entrusted the vehicle to Aburish and breached its duty to not endanger the public by failing to properly hire, train, and supervise Aburish. *Id.* at 5-6. But Williams does not plead any facts to plausibly support this claim. *See Freeman Expositions, LLC v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 520 P.3d 803, 811 (Nev. 2022) (en banc) (stating that to "establish a claim for negligent hiring, training, retention, or supervision of employees, a plaintiff must show (1) a duty of care defendant owed the plaintiff; (2) breach of that duty by hiring, training, retaining, and/or supervising an employee even though defendant knew, or should have known, of the employee's dangerous propensities . . . ." (quotation omitted)); *Zugel by Zugel v. Miller*, 688 P.2d 310, 312 (Nev. 1984) (stating that negligent entrustment involves "a person who

knowingly entrusts a vehicle to an inexperienced or incompetent person, such as a minor child unlicensed to drive a motor vehicle"). Williams does not allege any facts making it plausible that the government knew or should have known of Aburish's allegedly dangerous propensities before it hired her, entrusted her with the vehicle, or failed to adequately train or supervise her. The mere fact that an employee acted negligently on one occasion does not plausibly allege negligence on the employer's part.

The complaint also fails to plead why the government's decision to let Aburish drive the vehicle, or its decisions regarding hiring, training, and supervision, are not the kinds of actions that are grounded in policy-making. In her opposition, Williams alludes to government policies and procedures regarding "safe hiring, training, supervision, and vehicle operation," asserting that "the failure to follow those safety policies is not a discretionary, policy-based decision." ECF No. 9 at 3. But these allegations do not appear on the face of Williams' complaint as required under *Gaubert*. *See Gaubert*, 499 U.S. at 324-25. I cannot consider allegations in Williams' opposition that are not contained in the complaint. *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 897 (9th Cir. 2019). Even if I could, those allegations are conclusory, as Williams states only that the "Agency had policies and procedures governing the hiring, training, and supervision of law enforcement personnel." ECF No. 9 at 3. Williams does not identify any policy nor explain how it was violated and why it does not involve any element of choice. Typically, decisions about "employment, supervision and training . . . fall squarely within the discretionary function exception." *Nurse v. United States*, 226 F.3d 996, 1001 (9th Cir. 2000).

I dismiss Williams' third and fourth claims without prejudice. *See Wilson v. United States*, No. 2:18-cv-01241-JCM-NJK, 2019 WL 1756529, at *3, n.1 (D. Nev. Apr. 19, 2019)

(refusing to consider plaintiff's argument that a government agency's decision to hire an employee in violation of its own policies was not discretionary because it was raised only in the opposition rather than the complaint). I grant Williams leave to amend if she can allege sufficient facts to properly plead these two claims. If she does not file an amended complaint, this case will proceed only on the negligence claim.

## III. Williams is permitted to pursue interest, costs, and attorneys' fees as allowed by statute.

In her prayer for relief, Williams requests, among other things, "[i]nterest at the statutory rate" and "[r]easonable attorney's fees and costs of suit." ECF No. 1 at 7. The government argues that requests for pre-judgment interest and a separate award of attorneys' fees are improper under the FTCA. ECF No. 8 at 7-8. In her opposition, Williams concedes that her request for pre-judgment interest is barred and may be dismissed but contends post-judgment interest and taxable costs are permitted. ECF No. 9 at 5. She also requests that I construe her prayer for attorneys' fees as a request consistent with 28 U.S.C. § 2678, rather than as a separate, additional damage element. ECF No. 9 at 4-5.

No more than twenty-five percent of an FTCA judgment or settlement may go toward attorneys' fees. *See Pina v. United States ex rel. United States Postal Serv.*, No. 2:22-cv-01946-ART-VCF, 2023 WL 5717290, at *3 (D. Nev. Sept. 1, 2023); 28 U.S.C. § 2678 ("No attorney shall charge, demand, receive, or collect for services rendered, fees in excess of 25 per centum of any judgment rendered pursuant to section 1346(b) of this title."). "Pre-judgment interest is prohibited by statute." *Pina*, 2023 WL 5717290, at *3; 28 U.S.C. § 2674 ("The United States … respecting the provisions of this title relating to tort claims … shall not be liable for interest prior to judgment."). However, post-judgment interest is allowed by statute. *See Desart By and*

*Through Desart v. U.S.*, 947 F.2d 871, 872 (9th Cir. 1991) (quoting 31 U.S.C. § 1304(b)(1)(A) (1991)) ("Interest may be paid … on a judgment [against the government] … only when the judgment becomes final after review on appeal … and then only from the date of filing of the transcript of the judgment with the Comptroller General[[1]] through the day before the date of the mandate of affirmance ….").

As Williams concedes, she cannot recover pre-judgment interest or attorneys' fees that exceed twenty-five percent of the judgment. Thus, I grant the government's motion to dismiss as to pre-judgment interest but deny the motion as to post-judgment interest, costs, and attorneys' fees within statutory limits.

## IV. Conclusion

I THEREFORE ORDER that the United States' motion to dismiss (**ECF No. 8**) **is GRANTED IN PART**. Alison Williams' claim for negligence per se is dismissed as duplicative of her negligence claim. Williams' negligent entrustment and negligent entrustment, hiring, training, and supervision claims are dismissed without prejudice.

I FURTHER ORDER that Williams may file an amended complaint curing the deficiencies noted in this order by October 8, 2026. If Williams does not file an amended complaint by that date, the case will proceed on her negligence claim only.

DATED this 13th day of September, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

[1] The statute now states interest runs from the date of filing the transcript of the judgment with the Secretary of the Treasury. 31 U.S.C. § 1304(b)(1)(A).